FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 MAR 22 AM 8:41

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL

CRAIG HEMBACH, )
)
Plaintiff, )
)
v. ) No. 5:16-CV-230-Oc-39 PRL
)
EDUCATIONAL CREDIT )
MANAGEMENT CORPORATION, )
)
Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, CRAIG HEMBACH ("Plaintiff"), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are

1

costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13; see also *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

8. Plaintiff is a natural person residing in Oxford, Sumter County, Florida.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Oakdale, Washington County, Minnesota.

12. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

13. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Florida and in the County of Sumter, and within this judicial district.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiff originating from a student loan.

21. In or around January 2015, Defendant began calling Plaintiff on Plaintiff's cellular telephone number, ending in 7336, in an attempt to collect the alleged debt.

22. Defendant also placed calls to Plaintiff's wife on her cellular telephone number, ending in 4914.

23. Defendant calls Plaintiff from 866-945-6305, 651-221-0037, 800-780-7997, and 916-860-0238, which are four of Defendant's telephone numbers.

24. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff up to five (5) times per day and at least ten (10) times per week.

25. On January 26, 2015, Plaintiff's attorney's office mailed a cease and desist request to Defendant, requesting that Defendant cease all further communications with Plaintiff and his wife at their home and cellular telephone numbers.

26. Despite Plaintiff's request, Defendant continued to place repeated collection calls to Plaintiff's home and cellular telephone numbers in an attempt to collect the alleged debt.

27. On February 3, 2015, Plaintiff's attorney's office mailed a second cease and desist request to Defendant, requesting that Defendant cease all further communications with Plaintiff and his wife at their home and cellular telephone numbers.

28. Despite receiving Plaintiff's second written request, Defendant continued to call Plaintiff

4

in an attempt to collect on the alleged debt.

29. On March 10, 2015 Plaintiff's attorney's office mailed a third cease and desist request to Defendant, again requesting that Defendant cease all further communications with Plaintiff.

30. Nonetheless, after receiving yet a third written request to stop calling, Defendant continued to place repeated calls to Plaintiff in an attempt to collect on the alleged debt.

31. On more than one occasion, when Plaintiff has answered Defendant's collection calls, Plaintiff was greeted by an automated system.

32. Defendant called Plaintiff using an autodialer system.

33. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

34. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

35. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

36. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

37. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

38. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

39. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls

using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

40. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff's attorney's office sent multiple cease and desist letters to Defendant.

41. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

42. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

43. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, CRAIG HEMBACH, respectfully requests judgment be entered against Defendant, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, for the following:

44. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

45. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for

each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

46. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

47. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

RESPECTFULLY SUBMITTED,

March 18, 2016  By: /s/ *[signature]*
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff